## MARQUIS v. LOS ANGELES CITY SCHOOL DIST. OF LOS ANGELES COUNTY et al.*

### No. 8890.

Circuit Court of Appeals, Ninth Circuit.

Jan. 3, 1939.

Collins Mason, of Los Angeles, Cal., for appellant.

J. H. O'Connor, Co. Counsel, Wm. B. McKesson, Deputy Co. Counsel, and Lyon & Lyon, Frederick S. Lyon, and Richard F. Lyon, Sp. Patent Counsel, all of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a decree which, in a patent infringement suit brought by appellant against appellees, dismissed the bill of complaint on the ground that, as to the claims in suit, the patent was invalid for lack of novelty and for lack of invention.

The patent in question, No. 1,971,331, was applied for by Giuseppe Cavaglieri on September 6, 1933, and was issued to appellant, as Cavaglieri's assignee, on August 28, 1934. As stated in the specification, the alleged invention "relates generally to reconstruction and repair of buildings, but more particularly to the repairing and strengthening of buildings damaged by earthquake shocks." Its general object is "to devise an economical method of repairing damaged buildings, that is in itself inexpensive, that does not require fundamental alteration of the original structure, and that permits the full use of all existing structure and fixtures that are undamaged, thus saving replacement costs on these items as far as possible." Other declared objects are "to provide a reconditioned structure of calculable strength that may be made as strong as required by building codes," and "to provide a safe structure." The specification states: "These and other objects are attained in a building repaired and strengthened in accord with my invention, by erecting a new bearing wall against the outside of the old original bearing wall, tying the two walls securely together, and providing the new wall with projections embedded in the old wall which are located at selected places either to take directly the loads before imposed on the old wall, or to transfer the loads in the old wall to the new one."

The patent contains thirteen claims. The bill does not state which claims were infringed, but the case was tried below and argued here upon the theory that claims 2, 5, 6, 7, 8, 9 and 11 are the only ones involved. These claims read as follows:

"2. A structure comprising an original bearing wall, a joist originally supported by said wall, a new bearing wall formed against said original wall, a joist anchor attached at one end to the joist, a componental ledge portion projecting from the newly formed wall and into the original wall, said joist being supported on said ledge, and a joist anchor extension attached to the joist anchor and embedded in the new wall."

"5. A structure comprising an original bearing wall, a joist originally supported by said wall, a new bearing wall formed against said original wall, a joist supporting projection componental of the new wall extending into the original wall and under the joist, and a joist anchor attached to the joist and anchored in the new wall.

"6. A structure comprising an original bearing wall, a joist originally supported by said wall, a new bearing wall formed against said original wall, a joist supporting projection componental of the new wall extending into the original wall and under the joist and forming an end thrust surface against which the end of the joist bears, and a joist anchor attached to the joist and anchored in the new wall.

"7. A building structure comprising original exterior bearing walls, joists originally supported at their ends by said original walls, new bearing walls formed outside and against the original walls, joist sup-

porting and thrust projections formed as components of the new wall, extending into the original wall, and affording support and end thrust bearing for the joists.

"8. A building structure comprising original exterior bearing walls, joists originally supported at their ends by said original walls, new bearing walls formed outside and against the original walls, joist supporting and thrust projections formed as components of the new wall, extending into the original wall, and affording support and end thrust bearing for the joists, and joist anchors attached to the joists and anchored in the new wall.

"9. A building structure comprising original exterior bearing walls, joists originally supported at their ends by said original walls, new bearing walls formed outside and against the original walls, joist supporting and thrust projections formed as components of the new wall, extending into the original wall, and affording support and end thrust bearing for the joists, and tie rods extending through the building in the direction of the joists and anchored in opposite new wall structure."

"11. A wall structure comprising an original wall with an opening therein, a new bearing wall formed with a footing against the original wall and its footing, and an opening framing projection componental of the new wall projecting into the original wall and surrounding the opening in the original wall." .

The art of repairing buildings whose walls have been damaged by earthquake shocks is very old. So, also, is the problem of making such repairs without removing damaged walls. The evidence establishes that, long prior to Cavaglieri's alleged invention, this problem was solved by erecting a new wall against the old (damaged) wall, tying the two walls together and transferring to the new wall all or part of the load previously borne by the old wall. The Cavaglieri patent discloses a similar solution. Prior art structures comprised every element and embodied every feature of the structures described in the claims in suit, with two possible exceptions:

1. In the structures described in claims 7, 8 and 9, the new wall is outside the old wall, whereas, in prior art structures, the new wall was inside.

2. In the structures described in claims 2, 5, 6, 7, 8 and 9, joists are supported by ledgelike projections forming part of and extending inwardly from the new wall, whereas, in prior art structures, joists were supported by the new wall itself, which, being an inside wall, could and did perform that function without the aid of joist-supporting projections.

These, we think, are immaterial differences. That a new wall, designed to reinforce an old wall, may be erected on either side of the old wall is, and must always have been, perfectly obvious. Equally obvious is the fact that, if a new wall, erected outside an old wall, is to support joists previously supported by the old wall, and such joists do not extend outwardly beyond the old wall, the new wall must have joist-supporting projections extending inwardly. Cavaglieri's discovery of these obvious facts did not constitute invention. Saranac Automatic Machine Corp. v. Wirebounds Patents Co., 282 U.S. 704, 711, 51 S.Ct. 232, 75 L. Ed. 634; Smith v. Magic City Kennel Club, 282 U.S. 784, 792, 51 S.Ct. 291, 75 L.Ed. 707; Essex Razor Blade Corp. v. Gillette Safety Razor Co., 299 U.S. 94, 98, 57 S.Ct. 68, 81 L.Ed. 60.

Decree affirmed.